Chief Judge Breitel
(concurring). I concur in result to affirm. I agree with so much of the dissent as characterizes the majority expression of the law as too absolutist in providing a preference and even to some extent an immunity from significant zoning regulation for premises devoted to religious uses. On the other hand, I cannot agree with the dissent that significant factors in the treatment of religious premises should be the service of members of its congregation in the community, thát its presence may lessen property value, or that a religious group may be required to choose among alternatives less offensive to the chosen milieu.
Fundamentally, the law should move in the direction of requiring even religious institutions to accommodate to factors directly relevant to public health, safety, or welfare, inclusive *292 of fire and similar emergency risks, and traffic conditions insofar as they involve public safety (cf. Matter of Diocese of Rochester v Planning Bd., 1 NY2d 508, 526; see, generally, 1 Rathkopf, Law of Zoning and Planning [3d ed], p 19-17). Indeed, even in Matter of Westchester Reform Temple v Brown (22 NY2d 488, 496), while stating that these considerations could not outweigh the constitutionally-based ruling favoring religious institutions, the court recognized that "considerations which may wholly justify the exclusion of commercial structures from residential areas * * * [may] * * * be considered for the purpose of minimizing, insofar as practicable, the impairment of surrounding areas or the danger of traffic hazards”. It is the all but conclusive presumption that considerations of public health, safety and welfare are always outweighed, as some of the precedents suggest, by the policy favoring religious structures that I find objectionable. Hence, my rejection of the absolutist view expressed in the majority opinion, although to be sure there is the broad language in the precedents which might support that view.
I vote to affirm, since on this record, and considering the several grounds for preventing the village board of appeals from granting plaintiff a special permit, it is likely that the effect, if not the purpose, of the ordinance is exclusionary, without compensating values to sustain a public purpose - related to public safety and public welfare. The overall impact of the restrictions in the ordinance as it now reads does not accommodate sufficiently to the priorities, albeit limited, that should be accorded to religious institutions.